Defendant's affirmative defense of contemporaneous exchange under Section 547(c)(1) is rejected. The obligations to Defendant's parents that arose prior to or even during the course of the divorce proceedings were not contemporaneous exchanges with the Transfer, nor were those exchanges intended to be contemporaneous. Those obligations preceded the Transfer and were released as a result of the Transfer.

Moreover, the parents' loan does not qualify for the affirmative defense under Section 547(c)(7). As Section 547(c)(7) stood prior to the enactment of BAPCPA, this defense was for payments made on a bona fide debt to the extent made for alimony, maintenance or support of the spouse or former spouse of the debtor or a child of the debtor. Here, the parents' loan does not qualify for this defense.

## Conclusion

Summary judgment will be granted in favor of Defendant and denied as to the Trustee on Counts 1, 2, 3, and 5 of the Trustee's Amended Complaint. Summary judgment is denied as to both parties on Counts 4, 6, 7, and 8. A trial date will be scheduled by the Court on these remaining claims. A separate judgment hereon will be entered.

Dated: Central Islip, New York
         November 26 , 2008

                                              */s/ Alan S. Trust*
                                              Alan S. Trust
                                              United States Bankruptcy Judge